IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RAFAEL QUIROZ-MONTEJANO, | ) | No. CV-F-04-6370 REC |
| | ) | (No. CR-F-99-5060 REC) |
| | ) | |
| | ) | ORDER DENYING MOTION FOR |
| Petitioner, | ) | RECONSIDERATION (Doc. 396) |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

    By Order filed on May 26, 2005, the court denied the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by Rafael Quiroz-Montejano. On June 22, 2005, petitioner filed an appeal from the denial of his Section 2255 motion to the Ninth Circuit. This court declined to issue a certificate of appealability by Order filed on June 27, 2005. On August 24, 2005, petitioner filed a motion for reconsideration of the denial of his Section 2255 motion pursuant to Rule 60(b), Federal Rules of Civil Procedure. On December 22, 2005, the Ninth Circuit also declined to issue a certificate of

1

1 appealability in connection with the denial of petitioner's
2 Section 2255 motion.
3     One of the claims asserted by petitioner in his Section 2255
4 motion was that he was denied the effective assistance of counsel
5 because of defense counsel's failure to advise him of the terms
6 of a plea offer made by the United States.  In rejecting
7 petitioner's claim, the court reviewed all of the declarations
8 submitted by the parties, including petitioner's declaration.
9 The court ruled in pertinent part:

> Petitioner contends that he was denied the effective assistance of counsel by Mr. Romaine and Mr. Bitters because of their alleged failure to fully and adequately advise him of the terms of the plea agreement proffered by the Government.  Petitioner argues that Mr. Romaine was the attorney had he [sic] retained to insure that Mr. Bitters was advising petitioner properly and effectively protecting his interests and that it was incumbent on Mr. Romaine to independently advise petitioner of the law, evidence, and sentencing guidelines as well as to advise petitioner of his professional assessment of the case.  With regard to Mr. Bitters, petitioner asserts that Mr. Bitters presented him with only the general concept of the plea offer and that petitioner does not recall that petitioner was shown a written offer or that the written offer was ever translated into Spanish for him to review.
>
> It is clear from the record before the court, including petitioner's declaration, that petitioner was aware of the general terms of the plea offer.  Furthermore, petitioner has not disputed the averments in Mr. Padilla's declaration that Mr. Padilla met with petitioner after the written plea offer was provided and went over it in detail with petitioner and that petitioner advised Mr. Padilla that he did not want to accept the

2

> plea offer.  Mr. Padilla's undisputed declaration is corroborated by the declarations of Mr. Romaine.  Petitioner's implication that he was denied the effective assistance of counsel because Mr. Romaine did not also review the written plea agreement with him is without merit given petitioner's apparent concession that Mr. Padilla did so and given his admission that he was aware of the general terms of the written plea offer.
>
> Furthermore, petitioner has not established the prejudice prong for his claim of ineffective assistance of counsel.  Although petitioner now avers that he would have accepted the plea offer, it is clear from the record above that petitioner was made aware of the terms of the proposed plea agreement and still decided to go to trial.  Petitioner has not disputed the averments in Mr. Padilla's declaration to this effect.  It is noted that petitioner, given his admission that he was aware of the general terms of the plea offer, took the stand in his own defense and testified to his innocence.

In moving for reconsideration, petitioner contends that the attorney he retained to represent him in connection with his Section 2255 motion, Ms. Weiss, "convinced" him to sign the declaration submitted in support of the Section 2255 motion in which petitioner admitted that he was aware of the general terms of the Government's plea offer, but that petitioner's averment is not true.  Petitioner further contends that he expected Ms. Weiss to file a reply brief in support of the Section 2255 motion which would have contradicted the Government's position and supporting evidence but that Ms. Weiss failed to file the reply brief.[1]

---

[1] To the extent that petitioner's motion for reconsideration implies that Ms. Weiss was ineffective in preparing the Section 2255 motion, petitioner is not entitled to reconsideration on this ground.  Because a habeas corpus petitioner does not have a Sixth

The court concludes that petitioner is not entitled to reconsideration. He signed the declaration at issue. That he now regrets doing so is not a basis for disregarding the import of that declaration on his claim of ineffective assistance of counsel. The declarations which petitioner asserts would have been provided to the court in a reply brief do not cause the court to reconsider the denial of the Section 2255 motion. Those declarations from members of petitioner's family assert that petitioner told them that he was interested in pleading guilty. However, as noted, petitioner's own declaration submitted in support of the Section 2255 motion indicates that he was aware of the general terms of the plea offer. Petitioner will not be permitted to contradict his own declaration by subsequent, inconsistent averments made by himself or others. And as further noted in the court's Order denying the Section 2255 motion, even though petitioner was aware of the general terms of the plea offer, he nonetheless took the stand in his own defense and testified to his innocence.

ACCORDINGLY:

1. Petitioner's Motion for Reconsideration is denied.

IT IS SO ORDERED.

**Dated: January 20, 2006**          **/s/ Robert E. Coyle**
668554                               UNITED STATES DISTRICT JUDGE

---

Amendment right to counsel in connection with the preparation and filing of such a petition, the petitioner does not have a right to the effective assistance of such counsel. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir.), cert. denied, 479 U.S. 867 (1986).

4