IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>vs.<br><br>RAFAEL QUIROZ-MONTEJANO,<br><br>Petitioner. | 1:99-cr-5060 AWI<br><br>ORDER DIRECTING GOVERNMENT RESPONSE TO PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT AND SENTENCE PURSUANT TO 28 U.S.C. § 2255<br><br>Doc. 413-2 |

On February 28, 2013, the Ninth Circuit Court of Appeals issued an order authorizing a second or successive petition pursuant to 28 U.S.C. § 2255 in the above-captioned case. On March 3, 2013, Petitioner filed a motion to vacate, set aside or correct judgment and sentence under 28 U.S.C. § 2255 (hereinafter, Petitioner's "March 3 Motion"). Petitioner's March 3 Motion asserts two bases for relief; the first is actual innocence shown by newly-discovered evidence not previously available through due diligence, and the second is ineffective assistance of counsel under standards recently articulated by the Supreme Court in Lafler v. Cooper, 132 S.Ct. 1376 (2012) and Missouri v. Frye, 132 S.Ct. 1399 (2012) ("Frye").

Pursuant to 28 U.S.C. § 2244, permission to file a second or successive petition is only granted if the appellate court determines that:

> the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review the Supreme Court that was previously unavailable; or

> the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244.

The order issued by the appellate court does not specify the grounds upon which the grant of permission to file a second or successive petition is based.  The court assumes for purposes of this order that permission to file a second or successive petition was sought and granted on both of the above-noted grounds – a new rule of law pertaining to effective assistance of counsel during consideration of plea agreements *and* newly discovered evidence not previously available indicating actual innocence.  Petitioner's March 3 Motion alleges facts to support both grounds for relief.

With regard to the claim of actual innocence, Petitioner has alleged that evidence was recently made available indicating that Petitioner's brother, Robert Quiroz-Montejano ("Robert"), had stolen Petitioner's identity while Petitioner was in Colima, Mexico, and committed all the criminal acts attributed to Petitioner in the underlying criminal case using Petitioner's identity without Petitioner's knowledge or consent.  Petitioner alleges that, although the possibility of Robert's theft of Petitioner's identity was considered prior to the trial, physical evidence of Robert's theft of Petitioner's identity, in the form of Robert's affidavit and various forged identification documents given to Petitioner's counsel, was not made available until September of 2011.  See Doc. # 413-3 at 21:19-22:22:22 (recounting trip of Petitioner's counsel and investigator to Mexico to meet with Robert and evidence provided by Robert indicating Petitioner's non-involvement in the crimes charged).

With regard to ineffective assistance of counsel, Petitioner alleges ineffective assistance

of counsel based upon what he contends was the failure of counsel who had been representing him up to a few days before trial to provide his newly-hired attorney, Mr. Romaine, with a copy of a proposed plea agreement which had been extended a few days before the trial.  Petitioner contends he received ineffective assistance of counsel because he was only able to discuss the plea agreement with a prior Spanish-speaking attorney, a Mr. Gonzalez Padilla, who had no federal trial experience.  See Doc. # 413-2 at 36:10-18 (explaining the misdirection of the proposed plea agreement and Petitioner's lack of opportunity to discuss the plea offer with his trial attorney).  The court notes that Petitioner's claim with regard to ineffective assistance has previously been addressed by the court with regard to ineffective assistance during consideration of the proposed plea agreement and the court has rejected such claims.  See generally, Doc. # 400 (denying reconsideration of prior decision denying relief on ground of ineffective assistance of counsel).  It is Petitioner's contention that the Supreme Court's recent decisions in Lafler and Frye articulate a new standard, applicable retroactively, that would require reversal of the court's prior decisions denying relief for ineffective assistance of counsel.

    For purposes of this order, the court need not make an independent assessment of the substantiality of the factual bases for the appellate court's grant of permission to file a second or successive section 2255 petition.  Given the high standard the Petitioner was required to meet in order to secure permission, it is all but automatic that a person who is given permission to file a second or successive petition will be entitled to a hearing to decide the merits of the habeas petition itself.  With this in mind, the court will order the Government to file and serve an informational brief stating their intention to oppose or not oppose Petitioner's motion pursuant to section 2255 to vacate, correct or set aside his sentence and to estimate the time necessary for the preparation of any opposition.  Respondent shall indicate their intention to oppose or not oppose both of Petitioner's grounds for relief.

THEREFORE, it is hereby ORDERED that RESPONDENT shall file and serve an informational memorandum declaring their intention to oppose or not oppose Petitioner's motion, the anticipated grounds for such opposition and the approximate time requested to prepare such opposition. Such informational memorandum shall be filed and served not later than fourteen (14) days from the date of service of this order.

IT IS SO ORDERED.

Dated:   April 9, 2014                               _____
                                                     SENIOR DISTRICT JUDGE