1
2
3
4
5

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Respondent,<br><br>vs.<br><br>**RAFAEL QUIROZ-MONTEJANO,**<br><br>Petitioner. | 1:99-cr-5060 AWI<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY RE: COURT'S DENIAL OF PETITIONER'S SECOND OR SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255**<br><br>Doc. 439 |

On February 28, 2013, the Ninth Circuit Court of Appeals issued an order authorizing a second or successive petition pursuant to 28 U.S.C. § 2255 in the above-captioned case. On March 3, 2013, Petitioner filed a motion to vacate, set aside or correct judgment and sentence under 28 U.S.C. § 2255 (hereinafter, Petitioner's "March 3 Motion"). On August 28, 2015, the court denied Petitioner's March 3 Motion. The court's decision did not determine whether a certificate of appealability should be granted. The court now corrects that oversight.

The controlling statute, 28 U.S.C. ' 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from
>
> (A) the final order in a habeas corpus proceeding in which the detention
>
> complained of arises out of process issued by a State court;  or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

The Supreme Court has found that the Court should issue a certificate of appealability when the petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). The requirement that the petitioner seek a certificate of appealability is a gatekeeping mechanism that protects the Court of Appeals from having to devote resources to frivolous issues while at the same time affording petitioners an opportunity to persuade the Court  that through full briefing and argument the potential merit of claims may appear. Lambright v. Stewart, Nos. 96-99020, 96-99025, 96-99026, 2000 WL 1118937 (9th Cir. Aug. 4, 2000).  The Supreme Court has found that the even the application of an apparently controlling Ninth Circuit rule can be debatable if it conflicts with the rules of another circuit or there is reasonable argument of why the Ninth Circuit should  reconsider the Ninth circuit rule.  See id.

In the present case, the court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability.   Reasonable jurists would not debate that petitioner has not shown how he is entitled to federal habeas corpus relief.

Accordingly, the Court hereby ORDERS that petitioner's request for a certificate of appealability is DENIED.

IT IS SO ORDERED.

Dated:   October 27, 2015                      _____
                                               SENIOR  DISTRICT  JUDGE