UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RAFAEL QUIROZ,<br><br>    Defendant. | No. 1:99-cr-05060-DAD<br><br>ORDER DENYING DEFENDANT'S MOTIONS FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(C) AND MOTION FOR RETURN OF PROPERTY AND TO SET ASIDE FORFEITURE<br><br>(Doc. Nos. 451, 453, 454, 458, 459, 460) |

Defendant Rafael Quiroz was charged in this action on August 24, 1999 with conducting a continuing criminal enterprise, conspiring to manufacture and distribute methamphetamine between July 1992 and May 1998, and twenty counts of manufacturing methamphetamine, along with a criminal forfeiture allegation seeking forfeiture of property owned by him. Trial commenced on August 29, 2000 and at the end of the eighth day of that trial, the jury convicted Quiroz of all counts except for ten methamphetamine manufacturing counts. The Presentence Report recommended the following guidelines computation based upon the 1998 version of the Sentencing Guidelines: Base Offense Level: 38 (based upon evidence the offense involved 137 kilograms of methamphetamine) pursuant to U.S.S.G § 2D1.5(a), plus a 4-level upward adjustment pursuant to § 2D1.5(a); plus a 2-level upward adjustment for waste discharge (§ 2D1.1(b)(5)); for a total adjusted offense level of 44. Because defendant Quiroz had a criminal

1

history placing him in a category of II, the sentencing guideline range called for a term of imprisonment of life. On July 2, 2001, the then-assigned district judge sentenced the defendant to a term of life imprisonment, a 60-month term of supervised release, a $900 penalty assessment, and ordered the defendant to forfeit $4.3 million dollars.

Most recently, on March 21, 2018 and March 13, 2019, defendant Rafael Quiroz filed a *pro se* motions under 18 U.S.C. § 3582(c)(2), seeking a reduction of the sentence previously imposed upon him in this case based upon Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. No. 451, 459.) That amendment revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many federal drug trafficking offenses. The government has opposed defendant's motion on the basis that, since the drug quantity involved in his offense of conviction was 137 kilograms of methamphetamine, the advisory sentencing guidelines as amended still provide for the same offense level and the same sentencing range as originally calculated in defendant's case. (Doc. No. 455 at 1.)[1] The government's argument is persuasive. The court will therefore deny defendant's motion for a reduction of sentence under 18 U.S.C. § 3582(c).

Section 3582(c)(2) authorizes district courts to modify a previously imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). Effective November 1, 2014, the U.S. Sentencing Commission promulgated Amendment 782 to the U.S.S.G., which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants. However, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed

---

[1] On April 6, 2018, the court granted the Federal Defender's Office ninety days to supplement defendant's *pro se* motion or to notify the court that it did not intend to file a supplement. (Doc. No. 452.) However, on May 3, 2018, defendant filed a motion protesting the appointment of counsel on his behalf and seeking leave to represent himself in connection with his requests. (Doc. No. 454.) Defendant's motion for leave to represent himself will be granted.

in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10 (a)(2)(B). A district court's authority to modify a sentence pursuant to an amendment to the advisory guidelines is constrained by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 826 (2010).

In defendant's case, as noted, the presentence report ("PSR") found the amount of methamphetamine attributable to him was 137 kilograms of methamphetamine. Applying the Drug Quantity Table in § 2D1.1(c)(4) of the 1998 Guidelines Manual then in effect, the PSR found defendant's base offense level to be 38 because his offense involved 45 kilograms or more of methamphetamine. The PSR then applied the other upward adjustments found to be appropriate in his case as noted above, resulting in a total adjusted offense level of 44. Based upon this total offense level of 44 and a criminal history category of II, the PSR concluded that the sentencing guidelines called for imposition of a sentence of life imprisonment. The sentencing court adopted that guideline calculation and imposed a term of life imprisonment.

Defendant now moves to reduce his sentence. However, as the government points out, Amendment 782 has not reduced the guideline range applicable to defendant since the amount of controlled substance attributable to him was 137 kilograms of methamphetamine. Under the amended Drug Quantity Table of U.S.S.G. § 2D1.1, the base offense level for an offense involving more than 45 kilograms of methamphetamine remains at a level 38. After applying the same upward adjustments as the presentence report did in 2001, defendant's total adjusted offense level remains 44. At the established criminal history category of II, defendant's advisory sentencing guideline range continues to call for a sentence of life imprisonment, just as it did prior to the adoption of Amendment 782.

Because the pertinent amendment does not result in a different advisory sentencing guideline range, the defendant is not entitled to a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) ("[A] reduction in the defendant's term of imprisonment . . . is not consistent with this policy statement if . . . an amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range [.]"). To the extent defendant attempts to

raise other arguments in support of a reduction of his sentence, the court finds those arguments to be meritless.[2]

Finally, petitioner has filed with the court a number of submissions (Doc. Nos. 453, 458, 460) challenging and seeking to set aside the final order of forfeiture entered against him on November 13, 2001. (Doc. No. 299.) In all of these filings, defendant contends that his spouse and/or children are innocent owners of the substitute assets that were seized to satisfy the order of forfeiture entered against him. All of these arguments where addressed and disposed of by the court long ago in 2002. (Doc. No. 337.) Any attempt by defendant to relitigate these same issues seventeen years later both lacks merit and is time barred. *See* 21 U.S.C. § 853(n)(2).

For all of the reasons set forth above:

1.) Defendant's motion for leave to represent himself with respect to his pending motions (Doc. No. 454), is granted

2.) Defendant's motions for a reduction of sentence pursuant to 18 U.S.C. § 3582 and on other grounds (Doc. Nos. 451, 459) are denied;

3.) Defendant's motions for return of property and/or to set aside the final order of forfeiture entered against him on November 13, 2001 (Doc. Nos. 453, 458, 460), are denied; and

4.) The Clerk of the Court is directed to once again close this case.

IT IS SO ORDERED.

Dated: **April 3, 2019**

UNITED STATES DISTRICT JUDGE

---

[2] It appears defendant may be attempting to relitigate issues raised in his previously filed and rejected motions for relief under 28 U.S.C. § 2255. (See Doc. Nos. 314, 379, 388, 400, 439 and 449.) This, he cannot do.

4