UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL QUIROZ,<br><br>Defendant. | No. 1:99-cr-05060-DAD-1<br><br>ORDER EXTENDING TIME FOR FILING NOTICE OF APPEAL PURSUANT TO FED. R. APP. P. 4(b)(4) |

On April 4, 2019 the court issued an order denying defendant Rafael Quiroz's motions to reduce his sentence and for return property. (Doc. No. 461.) On May 6, 2019, defendant filed a pro se Notice of Appeal in which he requested that he be allowed an "out-of-time" Notice of Appeal and explaining that his institution of confinement was on lockdown status from March 24, 2019 through April 29, 2019 and the court's April 4, 2019 order was served on him by regular mail. (Doc. No. 462.) After the appeal was processed, on May 20, 2019, the Ninth Circuit Court of Appeals issued an order stating:

> [T]his case is remanded to the district court for the limited purpose of permitting the district court to provide appellant notice and an opportunity to request that the time for filing the notice of appeal be extended, for a period not to exceed 30 days from the expiration of the time prescribed by Rule 4(b), upon a finding of excusable neglect or good cause. *See* Fed. R. App. P. 4(b)(4); *United States v. Ono*, 72 F.3d 101, 103 (9th Cir. 1995) (order); *United States v. Stolarz*, 547 F.2d 108 (9th Cir. 1976). The district court is requested to make this determination at its earliest convenience and to send to this court a

1

copy of its order setting forth the basis for its determination.

(Doc. No. 466 at 1-2) (citing *United States v. Ono*, 72 F.3d 101, 103 (9th Cir 1995)).

Federal Rule of Appellate Procedure 4(b)(4) provides that:

> Upon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

Good cause under Rule 4(b)(4) is established "in situations in which there is no fault—excusable or otherwise" such as where "the Postal Service fails to deliver a notice of appeal." Fed. R. App. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii). Thus, "'[g]ood cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *United States v. Rubio-Rios*, 656 Fed. Appx. 880 881 (9th Cir. 2016)[1] (quoting *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010)).

Here, the court finds that defendant's representations made in support of his request to be permitted "out-of-time" filing of his Notice of Appeal, when liberally construed, establish good cause for an extension of the time. Although defendant's Notice of Appeal was filed outside the fourteen-day period provided under Rule 4(b)(1)(A), it was filed within 30 days after the expiration of the time for filing a Notice of Appeal and did include a request for an extension of time to do so. The court also accepts defendant's representation that his institution of confinement was on lockdown status at the time this court's order denying him sentencing relief was issued and that he remained on lockdown status for weeks thereafter. The court will infer that both being on lockdown status as well as the service of the order by U.S. Postal Service first class mail caused delay in both defendant's receipt of the court's order denying him relief as well as in his ability to timely file a notice of appeal with respect to that order.[2]

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[2] The court notes that although defendant's notice of appeal was not received by the court and filed until May 6, 2019, it was dated by defendant on April 26, 2019, thereby supporting his claim of delay due to circumstances beyond his control.

2

The court therefore grants defendant an extension of the time for filing a Notice of Appeal to thirty days after the expiration of the time for the filing of such notice and also deems his Notice of Appeal received May 6, 2019 to have been timely filed. *See* Fed. R. App. Proc. 4(b)(4). The Clerk of the Court is directed to send a copy of this order to the Ninth Circuit Court of Appeals and to serve this order on defendant Rafael Quiroz at his address of record as is also reflected in the Ninth Circuit's May 20, 2019 order remanding the matter for this court's determination.

IT IS SO ORDERED.

Dated: **May 26, 2019**

UNITED STATES DISTRICT JUDGE